IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL CAIN, et al.,

        Plaintiffs,                No. CIV S-06-1755 FCD KJM P

    vs.

R. CAMPBELL, Warden, et al.,

        Defendants.        <u>ORDER</u>

        /

        Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

        This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. <u>See</u> <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991).

        In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at Mule Creek State Prison. In

1

1  this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se
2  presents procedural problems that cause delay and confusion.  Delay often arises from the
3  frequent transfer of inmates to other facilities or institutions, the changes in address that occur
4  when inmates are released to parole, and the difficulties faced by inmates who attempt to
5  communicate with each other and with unincarcerated individuals.
6         Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff Cain
7  will proceed in this action, while plaintiffs Harless and Granger will proceed in civil actions to
8  be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action and will be
9  solely responsible for his own action.
10         Plaintiffs have asked that this action proceed as a class action.  Plaintiffs' request
11 will be denied for the same reason plaintiffs' claims will be severed.  Furthermore, plaintiffs are
12 non-lawyers proceeding without counsel.  It is well established that a layperson cannot ordinarily
13 represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).
14 This rule becomes almost absolute when, as here, the putative class representative is incarcerated
15 and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct
16 terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by
17 Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp.
18 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead
19 will be construed as separate individual civil suits brought by plaintiffs.
20         The Clerk of the Court will be directed to assign the new actions to the same
21 district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall
22 make appropriate adjustment in the assignment of civil cases to compensate for this
23 reassignment.
24         So that each plaintiff has the opportunity to clearly state his individual claims,
25 each complaint will be dismissed with leave to amend.  If a plaintiff chooses to amend his
26 complaint, he must demonstrate how the conditions complained of have resulted in a deprivation

of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

None of the plaintiffs has filed a completed request for leave to proceed in forma pauperis.[1]  Each plaintiff will be given thirty days to file, in his own action, a new application for leave to proceed in forma pauperis and an amended complaint using the forms provided by the court with this order.  Each plaintiff is cautioned that if this action proceeds further it is probable that each plaintiff will incur a liability in the amount of the $350.00 filing fee, which amount will be collected from his prison trust account.[2]  See 28 U.S.C. § 1915(b).

Plaintiffs request the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiffs' motion for the appointment of counsel will therefore be denied.

/////

/////

---

[1] Plaintiff Cain filed a request to proceed in forma pauperis but the first page is missing.

[2] See Information to Prisoners Seeking Leave to Proceed with a Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiffs Cain, Harless and Granger are severed.

2. Plaintiff Cain shall proceed as the sole plaintiff in case No. CIV-S-06-1755 FCD KJM P.

3. The Clerk of the Court is directed to:

   a. Open separate civil actions for plaintiffs Harless and Granger;

   b. Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in the files opened for plaintiffs Harless and Granger;

   d. Place a copy of the complaint filed August 9, 2006 in the files opened for plaintiffs Harless and Granger;

   e. Strike from the caption of each plaintiff's complaint the name of the other plaintiffs; and

   f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

4. Each plaintiff's complaint is dismissed.

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma Pauperis By a Prisoner.

6. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and a new application to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his amended complaint. Failure to file an

1  amended complaint or a new application to proceed in forma pauperis in accordance with this
2  order will result in a recommendation that the plaintiff's action be dismissed.
3       7. Plaintiff's August 9, 2006 request that this action proceed as a class action is
4  denied.
5       8. Plaintiff's August 9, 2006 request for the appointment of counsel is denied.
6  DATED: March 29, 2007.

_____
U.S. MAGISTRATE JUDGE

1/mp
cain1755.sev(8.9.06)

5